ORIGINAL

RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 23 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHEREN DISTRICT OF GEORGIA
ATLANTA DIVISION
********

VIJAY K. VIG,

           Plaintiff,

vs.

ALL CARE DENTAL, P.C. a Georgia
Professional Corporation,

DR. SATPAL K. SHIKH, CEO and 60%
shareholder of All Care Dental, P.C., and

RAJENDRAPAL K. SHIKH, 40% share-
holder & book-keeper of All Care Dental, P.C.

           Defendants.
_____/

Civil Action No. _____

**1:11-CV-4487**

## COMPLAINT

COMES NOW, pro se Plaintiff, Vijay K Vig, (hereinafter "Vig") in complaining of the above-named Defendants, alleges as follows:

### I.    INTRODUCTION

1.    Plaintiff, in this complaint, seeks damages, under FLSA, 29 USC § 203 (d), (e)(1), (s)(1), (s)(1)(A)(ii), 29 USC 213 (a) (1), and 29 CFR 4.187 of underpaid and unpaid wages for his work at All Care Dental, P.C., (hereinafter "All Care"), seven (7) days a week 8 to 16 hours a day or longer as co-manager, dental assistant and hygienist, between December 2005 and January 27, 2010. Plaintiff further seeks damages under the United States

Internal Revenue Service (hereinafter "IRS") Code Section and 26 USC §§ 6674 and 7204, for defendants' failure to timely provide W-2 forms, to pay the Plaintiff his full earned income and to pay required payroll taxes on their false claim of payment of all wages to plaintiff. The actions of the Defendants have been outrageous, as the Plaintiff was not paid all his earned income for the years 2006, 2008, 2009 and 2010, and portion of income taxes remain unpaid as to the date of this filing.

2.     The Fair Labor Standards Act ("FLSA"), 29 USC § 201 et. seq., explicitly and plainly mandates that employees who work more than eight (8) hours a day or forty (40) hours per week are entitled to overtime pay, amounting to at least time and a half. Nonetheless, Defendants decided to ignore this long-standing statutory mandate.

## II.     JURISDICTION AND VENUE

3.     This Court has jurisdiction under 28 USC § 1331 and 28 USC § 1343 for federal claims and over the related state law claims under 28 USC § 1367, as they form part of the same case or controversy as federal claims.

4.     Venue is proper because all defendants are presently located or reside in this District and in this Division and the events giving rise to this complaint occurred in this District and in this Division.

5. Plaintiff requests leave of court to amend the pleadings when he ascertains and obtains more relevant information herein.

### III. THE PARTIES

6. For all times relevant herein, Plaintiff has been located in and resides in the Decatur, Georgia.

7. For all times relevant herein, Defendant All Care Dental, P.C., (hereinafter "All Care") has been located in and is or was operating as a professional corporation organized under the laws of the State of Georgia.

8. For all times relevant herein, Defendant Dr. Satpal K Shikh, CEO of "All Care" (hereinafter "Satpal") has been 60% stockholder of All Care's shares; "Satpal" has been located in and resides in Decatur, Georgia.

9. For all times relevant herein, Defendant Rajendrapal K Shikh, (hereinafter "Suki"), has been 40% stockholder of All Care's shares; "Suki" has been located in and resides in Decatur, Georgia; Plaintiff further alleges that "Suki" has handled All Care's bookkeeping functions and daily receipts.

10. For all times relevant herein, defendants have been complicit in defrauding Plaintiff and the U.S. government as set forth heretofore.

### IV. FACTUAL BACKGROUND

11. Plaintiff and Defendant "Satpal" are former husband and wife.

12. On or about December 12, 2005, on the strength of Plaintiff's personal credit, "Vig" and "Satpal" personally signed lease for All Care's first clinic at 1745 Highway 138, Suite C-3, Conyers, Georgia.

13. On January 19, 2006, "Satpal" and "Vig" formed All Care Dental, P.C., a for profit professional corporation, with Plaintiff accepting appointment as its resident agent; Defendant "Suki", a non-professional, was given 40% of the outstanding shares of "All Care" by "Satpal" without sweat equity or monetary investment, in violation of Ga. Code. Ann. § 14-7-5(a).

14. On November 2007, "Vig" and "Satpal" negotiated and opened a second dental clinic and lab for "All Care" at 6187 Washington Street, Covington, Ga. 30014.

15. On August 2009, "Vig" re-negotiated renewal of All Care's lease of suite C-3 with Colliers Spectrum Cauble, and negotiated building allowance of $46,800.00 for its expansion to the adjoining suite C-4.

16. On September 2009, "Vig" and "Satpal" negotiated expansion of All Care's operation at 6181 Washington Street, Covington, Ga. 30014.

17. On October 2009, "Vig" and "Satpal" negotiated with Dr. Arnold to take over his dental clinic at 3136 Highway, 278, Covington, Ga. 30014, and negotiated its lease with Halpren Enterprises, Inc.

18. Plaintiff managed the clinics and the labs with little help from defendants. Defendant "Satpal" handled clinical dental operations with hygiene tasks performed by plaintiff, a Georgia licensed dental hygienist.

19. On or about December 31, 2009, Plaintiff discovered that defendants were intentionally mismanaging income and finances of All Care's clinics and labs, including daily cash receipts, insurance payments, and other financial and dental business matters.

20. Upon information and belief, Plaintiff alleges that defendants as well as defendants' brother, Charanjit S. Shikh, his wife Christine Mueller Shikh and/or their clinic, Primary Care Center(s), were involved in financial transactions involving All Care's money.

21. "Vig" alleges that Satpal and Suki's father, late Gurcharn S. Shikh, prior to his death and Defendant "Suki" took All Care's money and opened bank accounts in India beyond reach of the Court and in the US.

22. In October 2009, "Satpal" told Plaintiff that her father had opened bank accounts in India. She further stated that she gave more than $150,000 to her brother.

23. Defendants, since March 2007, in complicity with Charanjit S. Shikh, his wife Christine Mueller Shikh and/or Primary Care Center may

have assisted in defrauding plaintiff and the U.S. Government by using All Care's money for their personal gains and benefits.

24. "Vig" and "Satpal" were the only two people working seven (7) days a week, between 8-16 hours a day at All Care's clinics with sporadic employment of an assistant.

25. Defendant "Satpal" in complicity with "Suki" and the deceased Gurcharan S. Shikh, unilaterally decided to pay plaintiff $24,000.00 a year, contrary to usual and customary pay of $50,000.00- $100,000.00 or higher per year in metro Atlanta market for similar work.

26. Upon information and belief, plaintiff, pursuant to information obtained on or about August 2010, from Georgia Department of Labor, IRS and Georgia Taxation Department, alleges that defendants not only falsely claimed that they paid plaintiff all his wages but filed documents with tax agencies falsely claiming payment of all relevant taxes as required by the U.S. Internal Revenue Service Code Section 26 USC §§ 6653(b), 6663, and False Claims Act under 31 U.S.C.A. § 3730(a) and relevant Georgia Codes.

## Count -1- Failure to Pay Earned Wages

27. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-26, heretofore, as if fully set forth herein.

28. Defendants did not regularly pay plaintiff his paychecks as they paid to other All Care's employees, which payment for plaintiff's work is required by law.

29. Plaintiff did not receive and has yet to receive most of his paychecks for the years 2006, 2007, 2008, 2009, and 2010, as required by Federal Labor Standard Act of 1938 (FLSA) and its Amendments.

30. Plaintiff has repeatedly asked for past compensation for most of his regular and overtime work, but the defendants have refused to pay him.

31. Plaintiff, therefore, is entitled to receive full pay for all time he worked for "All Care" between December 10, 2006 and January 27, 2010.

33. As a result, plaintiff has been damaged financially by these defendants, by their refusal to provide regular and overtime compensation for each hour of regular and overtime he worked for "All Care".

## Count -II- Tax Evasion

34. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-33, heretofore, as if fully set forth herein.

35. False Claims Act is intended to put an end to fraud against the Government by encouraging those with knowledge of such fraud to come forward, and to prove such fraudulent purpose, and public policy demands that internal whistleblowers be protected from retaliation. 31 U.S.C.A. §

3730(a). Neal v. Honeywell, Inc. 826 F.Supp. 266, 39 Cont.Cas.Fed. (CCH) P 76,552, N.D.Ill., June 16, 1993 (NO. 93 C 1143)

36. By not regularly paying Plaintiff his regular and overtime earned wages defendants are and continue to be in violation of U. S. Internal Revenue Service Code Section 26 USC §§ 6653(b), 6663, and False Claims Act under 31 U.S.C.A. § 3730(a).

37. Defendants are in violation of U. S. IRS Code Section 26 USC §§ 6674 and 7204, for failure as employer, to timely provide copy of W-2 forms to showing plaintiff's wages and withholdings for tax filing purposes.

38. As alleged, Plaintiff has repeatedly asked defendants for his pay and W-2 forms for 2009 and 2010, but they continue to refuse to provide those to him.

39. As a result, plaintiff has been damaged financially by "All Care" and its co-defendants by their failure and refusal to provide him regular and overtime compensation for each hour of regular and overtime hours he actually worked.

IV.  PRAYER FOR RELIEF

WHEREFORE, pro se plaintiff respectfully requests that this Court:

(a) Enter an Order guaranteeing the Plaintiff the witness protection under the Whistleblower Protection Act, 31 U.S.C.A. § 3730(a);

(b)     Enter a declaratory judgment declaring that the defendants have willfully and wrongfully violated their statutory obligations and deprived the plaintiff of his rights, protections and entitlements under the law, as alleged;

(c)     Award damages for uncompensated regular and overtime in an amount to be proven at trial;

(d)     Award liquidated damages in amount double the sum of uncompensated regular and overtime pay per statute;

(e)     Award prejudgment and post-judgment interest;

(f)     Award reasonable fees, costs and expenses;

(g)     Grant trial by Jury; and

(h)     Award such other equitable and legal relief as the Court deems just.

DATED, this day 20th, December, 2011.

Respectfully submitted,

_____
Vijay K. Vig, Pro Se Plaintiff

P. O. box 1535
Decatur, GA 30033
(775) 786-2040

## VERIFICATION

STATE OF GEORGIA   )
                   ):ss
COUNTY OF DEKALB   )

Under penalty of perjury, the undersigned individual appeared before me the Notary Public and avers to the following: My name is Vijay K Vig; I am Resident of DeKalb County, Georgia; my mailing address is P. O. Box 1535, Decatur, GA 30031; I know the content in this Complaint; I swear that the information in the Complaint is true to the best of my knowledge and belief; and to those matters based upon my belief, I deem them to be true.

DATED: This 20th day of December, 2011.

_____          _____
NOTARY PUBLIC   (SEAL)              Vijay K Vig, Plaintiff

## ACKNOWLEDGEMENT

STATE OF GEORGIA   )
                   ):ss
COUNTY OF DEKALB   )

Under penalty of perjury, the undersigned Notary Public for the State of Georgia, avers that Plaintiff, Vijay K Vig, is a Resident of DeKalb County, Georgia; that his mailing address is P. O. Box 1535, Decatur, GA., 30031;3, appeared before me and acknowledged that he is the Plaintiff in

this matter and that he knows the facts and information contained in the Complaint and that he is filing the Complaint based upon the facts as he knows them to be true.

_____
NOTARY PUBLIC     (SEAL)

(Notary seal: Stacy Clein, Notary Public, Fulton County, Georgia, My Commission Expires February 4, 2013)