IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VIJAY K. VIG,

                              Plaintiff,

        v.                                                1:11-cv-4487-WSD

ALL CARE DENTAL, P.C., a
Georgia Professional Corporation,
DR. SATPAL K. SHIKH, CEO and
60% shareholder of All Care Dental,
P.C., and, RAJENDRAPAL K.
SHIKH, 40% shareholder & book-
keeper of All Care Dental, P.C.,

                              Defendants.

## OPINION AND ORDER

This matter is before the Court on Dr. Satpal K. Shikh's ("Shikh") Motion to

Dismiss [10] and Motion to Stay Discovery [28], All Care Dental, P.C. ("All

Care") and Shikh's Motion for Summary Judgment [29], and Vijay K. Vig's

("Vig" or "Plaintiff") *pro se*[1] Motion for Leave of Court [40], Motion for an Order

Requiring Non-Parties Charanjit S. Shikh and Bhupendra Darji, CPA, P.C. to

Respond to Plaintiff's Discovery [47], and Motion for Issuance of Subpoenas [50].

─────────────────
[1] Although the Court construes *pro se* complaints liberally, they must also comply
with the procedural rules that govern pleadings.  See McNeil v. United States, 508
U.S. 106, 113 (1993).

## I.     BACKGROUND

### A.     Procedural background

On December 23, 2011, Plaintiff commenced this action, brought based on federal question jurisdiction, by filing an Application to Proceed in District Court without Prepaying Fees or Costs [1] and Complaint [1.1] against All Care, Shikh, and Rajendrapal K. Shikh.

In his original Complaint, Plaintiff alleged violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*, and liability under the False Claims Act ("FCA"), 31 U.S.C. § 3729, for violations of the Internal Revenue Service Code.  (Compl. ¶¶ 26-39).  Plaintiff sought protection as a whistleblower under the FCA, 31 U.S.C. § 3730(h); compensation for unpaid regular and overtime wages; liquidated damages; prejudgment and post-judgment interest; reasonable fees, costs and expenses; and other equitable and legal relief as the Court deems just.  (Id. at 8-9).

On December 27, 2011, Plaintiff's Complaint was ordered temporarily sealed "for a period of not less than sixty (60) days or until further order of the Court," pursuant to 31 U.S.C. § 3730(b)(2) and on the grounds that it was not clear if Plaintiff desired to proceed with a FCA action.  (Order of Dec. 27, 2011, at 1-2).

On February 14, 2012, the Court, pursuant to 28 U.S.C. § 1915, granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), dismissed Plaintiff's FCA claim, unsealed Plaintiff's Complaint, and allowed Plaintiff's FLSA claim to proceed.  (Order of Feb. 14, 2012, [4] at 3, 8).

On February 27, 2012, Plaintiff amended his original Complaint.[2]  In his First Amended Complaint [5], Plaintiff alleges willful FLSA violations by All Care and Shikh (collectively "Defendants") and seeks a declaratory judgment, damages, and an order requiring Defendants to provide him with his W-2 tax forms for 2009 and 2010.[3]

On May 4, 2012, Defendant Shikh filed her Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [10].  In a two-page brief in support of her motion, Shikh asserts that she should be dismissed from this action because Plaintiff asserted he had a management role with All Care and has not alleged that she hired or fired any employees.  (Def.'s Br. in Supp. of Mot. to Dismiss at 1-2).

On May 18, 2012, Plaintiff responded to Shikh's Motion to Dismiss, asserted he was employed as a dental hygienist by All Care, and attached

---

[2] On February 27, 2012, Plaintiff also filed his Request for Srvice [sic] by a Marshal [6].  In support of his request, Plaintiff claimed he lacks the ability to pay for service of process.  On March 27, 2012, Plaintiff's request for service was granted [7].
[3] On February 27, 2012, the Court dismissed Rajendrapal K. Shikh from this action.  (Order of Feb. 27, 2012, at 3 n.3).

paychecks he received from All Care, his wage and earnings information from the Georgia Department of Labor, his dental hygienist license information, his federal W-2 from All Care with wage information for 2008, and his determination of unemployment benefits eligibility from the Georgia Department of Labor.  (Exs. 1-2, 4-6 to Pl.'s Resp. to Def.'s Mot. to Dismiss).

On July 16, 2012, while Shikh's Motion to Dismiss was pending, Defendants filed their Motion for Summary Judgment on the basis that Plaintiff is not an employee for the purposes of the FLSA as a matter of law, including because he claimed to be a part owner of All Care and was an original member of its board of directors.  (Br. in Supp. of Defs.' Mot. for Summ. J. at 3, 5-6).

On August 14, 2012, Defendants moved for a stay of discovery pending a ruling on their Motion for Summary Judgment, which was granted by the Court.[4]

On August 24, 2012, Plaintiff filed his Opposition to Motion for Summary Judgment [38], which was amended on August 29, 2012 [41], and asserts that he

---

[4] On August 17, 2012, the Court ordered that discovery was stayed pending a ruling on Defendants' Motion for Summary Judgment [37].  Because discovery was stayed, Defendants' July 6, 2012, Motion to Stay Discovery [28] is denied as moot.  Because Plaintiff is entitled to the issuance of a subpoena under Federal Rule of Civil Procedure 45(a)(3) and no Court order is required, his Motion for Issuance of Subpoena [50] is also denied as moot.  Because Plaintiff has not yet served a subpoena for records upon any third parties and those third parties are not subject to the production requirements of Federal Rule of Civil Procedure 26, his Motion for an Order Requiring Non-Parties to Respond to Plaintiff's Discovery [47] is also denied as moot.

was an employee for the purposes of the FLSA.  Plaintiff attached a number of

exhibits to his Opposition to Motion for Summary Judgment in support of his

claim.  On August 27, 2012, Plaintiff sought leave of the Court to file a

supplemental exhibit, an Internal Revenue Service Form SS-8, in support of his

Opposition to Motion for Summary Judgment [40].

    B.    <u>Defendants' Statement of Undisputed Facts</u>

Defendants rely exclusively upon six statements of material fact and two

exhibits in support of their Motion for Summary Judgment.

Defendants' Statement of Undisputed Material Facts, in their entirety, are:

> 1) On February 8, 2010 Plaintiff testified in the case of <u>Vig v. Shikh</u>, 2009-cv-14195 that he was part owner of All Care Dental, P.C.

> 2) Such testimony appears in the transcript of the hearsay at page 67, line 22-23.  A certified copy of the two pages is attached at Exhibit A.

> 3) Plaintiff prepared the articles of incorporation for All Care Dental, P.C. and identified himself as resident agent for and on behalf of the corporation.

> 4) Plaintiff was an original member of All Care Dental, P.C.'s Board of Directors.

> 5) The articles of incorporation provide in part "The Resident Agent shall be in charge of the corporation's registered or principal officers in the State of Georgia.["]

      6) Exhibit B is a true and correct copy of the Articles of
      Incorporation.

(Defs.' Statement of Undisputed Material Facts ("DSUMF") ¶¶ 1-6).

      C.     <u>Plaintiff's Response to Defendants' Motion for Summary Judgment</u>

In support of his claim that he was an employee, Plaintiff asserts, based on

evidence that could be admissible at trial, that:

1) Plaintiff served as a dental assistant and hygienist who worked at the direction and under the control of Shikh at All Care from December 10, 2005, through January 27, 2010.  (Tr. of Feb. 8, 2010, Hr'g at 37:13-38:18).

2) Plaintiff worked at All Care "every day, seven days a week . . . most of the time, until . . . 8:00 p.m.," to include staying overnight on occasion.  (<u>Id.</u> at 38:11-18).

3) Shikh stated to a police investigator, when reporting an allegation that Plaintiff stole paperwork from All Care, that Plaintiff "worked for her as a dental hygienist."  (Ex. 3 to Pl's Opp'n to Mot. for Summ. J. at 2).

4) Plaintiff was issued payroll checks in 2007, 2008, and 2009 from All Care, which were signed by Shikh and subject to state and federal income tax deductions.  (Exs. 9 and 10 to Pl's Opp'n to Mot. for Summ. J.).

5) An employee of All Care, Cassius Belmore ("Belmore"), who helped make dentures, "saw [Plaintiff] work every day from early morning to late at nights; [sic] . . . saw him assisting Dr. Shikh with patients, attending to other clinic duties, such as cleaning patients' teeth or cleaning the clinic floors or even helping [Belmore] by mixing denture powder and even studying."  (Ex. 11 to Pl's Opp'n to Mot. for Summ. J. at 2).  Belmore "did not see [Plaintiff] preparing bills or working at the front desk computers; however, [he] saw him greeting the patients and bringing them back to the patient chairs."  (<u>Id.</u>).

6) A patient of All Care, Charles Redhead ("Redhead"), observed Plaintiff assisting Shikh in cleaning patients' teeth, assisting in the provision of dental services, and working at her direction.  (Ex. 13 to Pl's Opp'n to Mot. for Summ. J. at 2; Tr. of Feb. 8, 2010, Hr'g at 92-93).  Redhead did not observe Plaintiff performing duties involving billing, issuing prescriptions, or scheduling treatments for patients.  (Ex. 13 to Pl's Opp'n to Mot. for Summ. J. at 2; Tr. of Feb. 8, 2010, Hr'g at 93-94).

7) Although Plaintiff was an original member of the board of directors of All Care, he had no voting power or control in the corporation because he was not a shareholder and Shikh was the majority shareholder with control over decisions regarding the conduct of All Care's business activities.  (See Exs. 1, 3, 5, 9, 11, 13 to Pl's Opp'n to Mot. for Summ. J.).

8) Plaintiff acknowledges that he testified that he was a part owner of All Care, but asserts that, taken in context, his testimony was in support of his claim to an equitable share of All Care as a marital asset upon the dissolution of his marriage.  (Tr. of Feb. 8, 2010, Hr'g *passim*).

## II.   DISCUSSION

### A.   Defendant Shikh's Motion to Dismiss

#### 1.   *Standard on a motion to dismiss*

The law governing motions to dismiss pursuant to Rule 12(b)(6) is well-settled.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (dismissal

appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action").

In considering a motion to dismiss, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010), cert. denied, 132 S. Ct. 245 (2011). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010).

The complaint ultimately is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.[5] Mere "labels and conclusions" are insufficient. Id. at 555. "A claim has facial

---

[5] The Supreme Court explicitly rejected its earlier formulation for the Rule 12(b)(6) pleading standard: "'[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 550 U.S. at 577 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Court decided that "this famous observation has earned its retirement." Id. at 563.

8

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully" or the "mere possibility of misconduct," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id. at 678-79 (citing Twombly, 550 U.S. at 557).  The well-pled allegations in a complaint must "'nudge[] [a party's] claims across the line from conceivable to plausible.'"  Am. Dental, 605 F.3d at 1289 (quoting Twombly, 550 U.S. at 570).[6]

2.    *Conversion of a motion to dismiss to a motion for summary judgment*

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court may generally only consider the complaint and its attachments.  See Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1368-69 (11th Cir. 1997).  Defendant, in her Reply, asks the Court to disregard the affidavit submitted by Plaintiff in his

---

[6] Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In Twombly, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555.

response, but acknowledges that Plaintiff's attachments ordinarily require that the motion be converted to a motion for summary judgment.  (Def.'s Reply to Pl.'s Resp. to Mot. to Dismiss at 1).

Though motions to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(c) may be converted to a motion for summary judgment under Rule 56(a), this only may occur when the Court considers matters outside of the pleadings and when the Court provides notice to the parties that it intends to convert the motion. See Fed. R. Civ. P. 12(d); Brown v. Brock, 169 F. App'x 579, 581-82 (11th Cir. 2006).  In this District, a party moving for summary judgment must also comply with certain procedural requirements under the Local Rules, such as filing a statement of undisputed materials facts.  LR 56.1(B)(1) NDGa.

The Court here has not provided the parties with notice of its intent to convert Defendant Shikh's Motion to Dismiss to a motion for summary judgment and the parties have not met the procedural requirements of the Local Rules that are a predicate to the Court's consideration of a motion for summary judgment.

Considering that Defendants filed their Motion for Summary Judgment while the Motion to Dismiss was pending, that the Court has not provided notice of its intent to convert Shikh's Motion to Dismiss to a motion for summary judgment, and the need to insure a full and fair presentation of the issues and the documents,

the Court will not convert the motion to dismiss to a motion for summary judgment.

### 3. Analysis of Defendant Shikh's Motion to Dismiss

On February 14, 2012, the Court found that Plaintiff stated a plausible FLSA claim in his original Complaint because he alleged that he was employed as an employee by Defendants, that he worked overtime at various times between December 2005 and January 27, 2010, and that he was not paid regular and overtime wages that he was owed. (Order of Feb. 14, 2012, at 6; Compl. at 1-2, 6-7). Plaintiff has since filed an amended Complaint that contains the same allegations, to include that the violations of the FLSA were willful, and the Court again finds that he states a plausible FLSA claim against Defendants.[7] (Am.

---

[7] The statute of limitations for FLSA violations is two years for ordinary violations and three years for willful violations. See 29 U.S.C. § 255(a) (action "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued"). "To establish that the violation of the [FLSA] was willful in order to extend the limitations period, the employee must prove by a preponderance of the evidence that his employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was." Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1162-63 (11th Cir. 2008). "Federal regulations define 'reckless disregard' as the 'failure to make adequate inquiry into whether conduct is in compliance with the [FLSA].'" Morgan v. Family Dollar Stores, 551 F.3d 1233, 1280 (11th Cir. 2008) (quoting Alvarez Perez, 515 F.3d at 1163; 5 C.F.R. § 551.104).

Compl. at 1-5).  To the extent Defendant Shikh asserts that Plaintiff is an exempt employee working in a bona fide executive, administrative, or professional capacity, she failed to meet her burden of proving that exemption in her Motion to Dismiss because it is not clear and unmistakable based on the pleadings—and giving Plaintiff the benefit of reasonable factual inferences—that Plaintiff's primary duty was the management of All Care.  See 29 U.S.C. § 213(a)(1); 29 C.F.R. §§ 541.100, 541.700(a); Morgan, 551 F.3d at 1269 (citing Brock v. Norman's Country Mkt., Inc., 835 F.2d 823, 826 (11th Cir. 1988)).

Because Plaintiff's Amended Complaint states a plausible claim for relief under the FLSA and it is not clear and unmistakable from the pleadings that Plaintiff's primary duty was the management of All Care, Shikh's Motion to Dismiss is denied.

     B.    Defendants' Motion for Summary Judgment

       1.    *Standard on a motion for summary judgment*

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Parties "asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored

information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1).

The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact.  Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999).  Once the moving party has met this burden, the non-movant must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial.  Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999).  Non-moving parties "need not present evidence in a form necessary for admission at trial; however, [they] may not merely rest on [their] pleadings."  Id.

The Court must view all evidence in the light most favorable to the party opposing the motion and must draw all inferences in favor of the non-movant, but only "to the extent supportable by the record."  Garczynski v. Bradshaw, 573 F.3d 1158, 1165 (11th Cir. 2009) (quoting Scott v. Harris, 550 U.S. 372, 381 n.8 (2007)).  "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ."  Graham, 193 F.3d at 1282.  "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial."  Herzog, 193 F.3d at 1246.  But, "[w]here

13

the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment for the moving party is proper.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

> 2. *Defendants' burden to establish an exemption from the FLSA*

"A determination of employment status under the FLSA . . . is a question of law . . . ."  Antenor v. D & S Farms, 88 F.3d 925, 929 (11th Cir. 1996).  An employer who claims that an employee is exempt from the provisions of the FLSA bears the burden of proving that exemption by a preponderance of the evidence.  See Abel v. S. Shuttle Servs., Inc., 631 F.3d 1210, 1212 (11th Cir. 2011); Walters v. Am. Coach Lines of Miami, Inc., 575 F.3d 1221, 1226 (11th Cir. 2009); Antenor, 88 F.3d at 929; Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1566 n.5 (11th Cir. 1991).  Claims that an employee is exempt from the FLSA are construed narrowly against an employer.  See Abel, 631 F.3d at 1212; Walters, 575 F.3d at 1226.  An employer who fails to prove its entitlement to a FLSA exemption before trial may assert that the exemption applies as an affirmative defense at trial.  See Morgan, 551 F.3d at 1269-71; Alvarez Perez, 515 F.3d at 1155, 1160; Nicholson v. World Business Network, Inc., 105 F.3d 1361, 1363 (11th Cir. 1997).

14

3.      *Analysis of Defendants' Motion for Summary Judgment*

In their Motion for Summary Judgment, Defendants claim that Plaintiff is not an employee who may bring a FLSA claim because Plaintiff: (1) testified that he was a part owner of All Care; (2) prepared All Care's articles of incorporation and identified himself as resident agent for and on behalf of the corporation; (3) was an original member of All Care's board of directors; and, (4) is identified in the articles of incorporation as being "in charge of the corporation's registered or principal officers in the State of Georgia."  (DSUMF ¶¶ 1-6).  The Court disagrees.

The FLSA provides:

> No employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce . . . for a workweek longer than forty hours . . . unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(2)(C).  The FLSA defines an employee as "any individual employed by an employer," and an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]"  29 U.S.C. §§ 203(d), (e)(1).  "[A]n entity 'employs' a person under the FLSA . . . if it 'suffers or permits' the individual to work."  Antenor, 88 F.3d at 929 (citing 29 U.S.C. § 203(g)).

15

The FLSA definitions of employer and employee have been criticized because they are "completely circular and explain[] nothing" and "there is in the Fair Labor Standards Act no definition that solves problems as to the limits of the employer-employee relationship under the Act." See Steelman v. Hirsch, 473 F.3d 124, 128 (4th Cir. 2007) (quoting Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323 (1992); Rutherford Food Corp. v. McComb, 331 U.S. 722, 728 (1947)).

"In order to determine whether an alleged employer 'suffer[s] or permit[s]' an individual to work, [a court] ask[s] 'if, as a matter of economic reality, the individual is dependent on the entity.'" Layton v. DHL Express (USA), Inc., 686 F.3d 1172, 1175 (11th Cir. 2012) (quoting Antenor, 88 F.3d at 929). "This determination includes inquiries into: 'whether the alleged employer (1) had the power to hire and fire the employee[ ], (2) supervised and controlled [the employee's] work schedule[ ] or condition[ ] of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" Rodriguez v. Jones Boat Yard, Inc., 435 F. App'x 885, 888 (11th Cir. 2011) (quoting Villarreal v. Woodham, 113 F.3d 202, 205 (11th Cir. 1997)).[8] The examination of

---

[8] "Congress has expressly disregarded the corporate shield with respect to the analysis of [personal liability] under the FLSA." Patel v. Wargo, 803 F.2d 632, 636 (11th Cir. 1986). It is settled that individuals and corporations both may be held liable for violations of the FLSA. See id. at 637-38 (finding that corporate officer with operational control of a corporation was an employer under the

16

the economic realities of the employment relationship involves consideration of all the circumstances.  See Brouwer v. Metro. Dade Cnty., 139 F.3d 817, 819 (11th Cir. 1998); see also Rutherford Food Corp. v. McComb, 331 U.S. at 730 ("[T]he determination of the [employment] relationship does not depend on such isolated factors but rather upon the circumstances of the whole activity.").

Even assuming, as Defendants assert, that Plaintiff judicially admitted that he was a part owner of All Care,

> a 'stockholder-officer-director relationship with the corporation . . . by itself does not prevent a stockholder, officer, or director from also being an employee covered by the [FLSA] . . . .  It is necessary to know and consider all the facts bearing upon [plaintiff's] authority and duties, and the actual relationship existing between [him] and the dominant stockholders and officers of the [defendant] corporation, regardless of the titles that were conferred by the corporation . . . .

Hess v. Madera Honda Suzuki, No. 1:10-cv-01821-AWI-BAM, 2012 WL 4052002, at *9 (E.D. Cal. Sept. 14, 2012) (quoting Hoy v. Progress Pattern Co.,

---

FLSA).  Although Defendants' Motion for Summary Judgment generally and conclusorily asserts that Plaintiff is not an employee and does not address Shikh's individual liability, the Court finds there is sufficient evidence in the record to conclude that Shikh is an employer under the FLSA because she exercised operational control over All Care in running day-to-day operations, directed the manner in which Plaintiff worked, had the power to fire him as the majority shareholder, determined his method of payment, and maintained All Care's employment records.  See Olivas v. A Little Havana Check Cash, Inc., 324 F. App'x 839, 845 (11th Cir. 2009); Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008); Patel, 803 F.2d at 638.

217 F.2d 701, 704 (6th Cir. 1954)); see also Goldberg v. Whitaker House Co-op., Inc., 366 U.S. 28, 32 (1961) ("There is nothing inherently inconsistent between the coexistence of a proprietary and an employment relationship.  If members of a trade union bought stock in their corporate employer, they would not cease to be employees within the conception of [the FLSA]."); Aguirre v. Safe Hurricane Shutters, Inc., No. 07-22913-CIV, 2011 WL 5986817, at *1 (S.D. Fla. Oct. 29, 2011) ("[I]t appears from [the language of the FLSA] that if an owner or manager performs work, that person fits within the definition of employee.").

The Court finds that Plaintiff's status as a part owner or member of the board of directors does not, by itself as Defendants assert, render him unable to claim employee status under the FLSA.  While it is true that there may be circumstances where a part owner or member of the board of directors of a corporation may not be an employee, the test to determine if an individual is an employee for the purposes of the FLSA is one that requires an examination of the totality of the circumstances of the employment relationship to determine if, under the economic realities, the party seeking relief was dependent on the alleged employer.  See Goldberg, 366 U.S. at 32; Layton, 686 F.3d at 1175; Rodriguez, 435 F. App'x at 888; Brouwer, 139 F.3d at 819.

Defendants' meager assertion of facts and the submission of two exhibits regarding Plaintiff's status as an alleged part owner and original member of All Care's board of directors is insufficient to carry their burden of establishing by a preponderance of the evidence that Plaintiff was not an employee under the FLSA. This is particularly the case where Plaintiff presented evidence in his response from which a reasonable jury could conclude that he was employed in excess of forty hours a week by All Care, was not paid overtime for his dental hygienist and other work, and Defendants' conduct was willful.[9]   The Court finds that

---

[9] "In order to prevail on [a FLSA overtime claim], [p]laintiffs must prove that they suffered or were permitted to work [overtime] without compensation." Allen v. Bd. of Pub. Educ. for Bibb Cty., 495 F.3d 1306, 1314 (11th Cir. 2007) (internal citations omitted); see also Secretary of Labor v. Labbe, 319 F. App'x 761, 763 (11th Cir. 2008) ("The elements that must be shown [for a FLSA claim] are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act."). "[A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Allen, 495 F.3d at 1316 (internal quotation marks omitted).  Plaintiff alleges that he was employed as a co-manager, dental assistant, and dental hygienist by Defendants, that he worked overtime at various times between December 2005 and January 27, 2010, and that Defendants willfully violated the FLSA by failing to pay him the regular and overtime wages that he was owed.  (Am. Compl. at 1-5).  The Court finds here that Plaintiff has provided evidence, in support of his opposition to Defendants' Motion for Summary Judgment, from which a reasonable jury could find that he is entitled to relief as an employee under the FLSA for his overtime claim and this is an additional reason—beyond Defendants' failure to meet their burden of establishing Plaintiff's exemption from the FLSA—to deny Defendants' Motion for Summary Judgment.

Defendants fail to satisfy their burden on their Motion for Summary Judgment of establishing that Plaintiff is an exempt employee and their motion is denied.[10]

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Shikh's Motion to Dismiss [10] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment [29] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Shikh's Motion to Stay Discovery [28] and Plaintiff's Motion for Leave of Court [40], Motion for an Order Requiring Non-Parties Charanjit S. Shikh and Bhupendra Darji, CPA, P.C. to Respond to Plaintiff's Discovery [47], and Motion for Issuance of Subpoenas [50] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court's August 17, 2012, Order granting a stay of discovery is **VACATED**.[11]  Discovery shall conclude on December 31, 2012.

---

[10] Because the Court concludes that Defendants' Motion for Summary Judgment is required to be denied based on their failure to establish Plaintiff's exemption from the FLSA, Plaintiff's Motion for Leave of Court [40] to file additional material in opposition to Defendants' Motion is denied as moot.

**SO ORDERED** this 16th day of November, 2012.

_William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[11] Should Plaintiff renew his request for third parties to produce documents regarding his wages and hours worked, the Court notes that Federal Rule of Civil Procedure 45 describes the requirements for obtaining a subpoena ordering a non-party to a lawsuit to produce documents or electronically stored information. Upon Plaintiff's request, the Clerk of the Court will issue to Plaintiff a signed but otherwise blank subpoena that Plaintiff must complete by filling in the appropriate information. Fed. R. Civ. P. 45(a)(3). Before serving the subpoena, Plaintiff must give notice to each party to the litigation. Fed. R. Civ. P. 45(b)(1). A person at least 18 years of age who is not a party to the litigation must then serve the subpoena on the non-party that is to be subject to the subpoena. Id. Plaintiff is also required to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1).