Case 1:11-cv-04487-WSD   Document 62   Filed 01/16/13   Page 1 of 9

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 16 2013

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
\*\*\*\*\*\*\*\*

VIJAY K. VIG,

        Plaintiff,

vs.

ALL CARE DENTAL, P.C. a Georgia
Professional Corporation,

Case No: 1:11-cv-4487-WSD

DR. SATPAL K. SHIKH, CEO and 60%
Shareholder of All Care Dental, P.C.

        Defendants.
_____/

## OPPOSITION TO MOTION FOR WITHDRAWAL, TO DEFENDANT SHIKH'S REQUEST TO EXTEND DISCOVERY PERIOD AND REQUEST FOR ORDER TO COMPEL DEFENDANTS' TO RESPOND TO PLAINTIFF'S DISCOVERY AND FOR SANCTIONS, AND REQUEST FOR EXPEDITED RULING

Plaintiff respectfully moves the Court for his Opposition for Defense Counsel Ralph S. Goldberg to withdraw and defendant Shikh's request to extend discovery period in the case. He further moves the Court, pursuant to FRCP Rules26 and Rule 37, for Order Compelling Defendants to immediately respond to Plaintiff's discovery served on June 7, 2012.

This Court issued its Order on November 12, 2012, requiring the parties, among other orders, to conclude discovery by December 31, 2012. Defendants have failed to respond and have ignored the Court Order.

1

Opposition to Motion for Withdrawal : Plaintiff requests the Court to deny Defense Counsel, Ralph S. Goldberg's motion to withdraw from the case. Due to Plaintiff being incarcerated since December 17, 2012, he was not free to prepare and file timely opposition. Plaintiff needs just resolution of this case without further delays.

Opposition to Defendants' Requests to Extend The Discovery Period Until 3/31/13: While Plaintiff was in Fulton County jail, on December 26, 2012 Defendant Satpal Shikh filed Defendant's Motion to Object Attorney's (Ralph Goldberg's) Motion for Withdrawal and Request to Extend the Discovery Period until 3/13/13. Plaintiff did not have access to his mail until after his release on January 10, 2013.

Shikh concocted the false charges to deny Plaintiff's right to Appeal the divorce case. The notice of appeal was due on January 3, 3013. As above-mentioned, Plaintiff was jailed from December 17, 2012 through 7:00 p.m. on January 9, 2013 and he, in deed, missed the filing deadline in the divorce case. The criminal charges were dismissed on January 9, 2013. Exhibit "1".

Plaintiff is informed and therefore believes that Defendant Dr. Shikh has been busy changing accounts, moving money into other people's names and accounts and is about to give or sell her interest in All Care Dental, P.C.,

2

and have another dentist take over the clinics. She has already closed at least one of the Covington, GA locations and moved and sold clinic equipment.

Any further delay in this case shall give Defendants enough time to convey and dispose her interest in All Care along with her personal assets. She has already violated the divorce judgment and has failed to honor the court judgment in that case. Plaintiff was awarded more than $152,000 in the divorce case and he has not been paid the judgment amounts due him. It is further being done in order to deny Vig any back pay in this FLSA action, should he win this case. Plaintiff prays the Court to deny Shikh's request to extend discovery period. The court granted defendants' motion to stay discovery on August 24, 2012.

<u>Sanctions Against Each Defendant</u> :   Plaintiff requests the Court to impose sanctions and cites Fed. R. Civ. P. 37(b)(2)(C) as authority. Plaintiff further requests the Court to award his costs of bringing the motion and other relief the Court deems proper herein.

<u>Request for Expedited Ruling</u> : Given the bad faith of the defendants by failing to timely respond to Plaintiff's discovery and totally ignoring this Court's Order of November 12, 2012, are reasons enough for the Honorable Court to expedite its Ruling herein, and issue appropriate sanctions for disobeying the Court's Order.

Plaintiff has learned that after intentionally causing Plaintiff to be jailed with false charges and miss his notice of appeal deadline on January 3, 2013, in the divorce case. Dr. Shikh is in a hurry to extend this case further so she can dispose of her interest in All Care Dental, P.C. and other assets in order to deny Plaintiff any back pay should he win this case. Plaintiff is informed and therefore alleges that the case needs be heard before February 15, 2013, in order for him to collect his back pay and any other relief he may be provided.

## CONCLUSION

Throughout the litigation process the defendants have acted as if the rules, the law, and even the orders of this Court simply do not apply to them: They have failed to follow the Court's "Standing Order;" failed to make good faith efforts in responding to Plaintiff's discovery; failed to produce responsive documents and items as required by law; failed to obey clear and unambiguous Order of November 12, 2012; and rather than produce evidence under the law, they now ask the Court for additional 3 months in order to meet their nefarious intentions of disposing Dr. Shikh's personal professional assets. These violations involved the defendants and Dr. Shikh's individual attorneys in this case, Allan Manheim, the divorce appellate lawyer, Clark Jones, Esq., and now the attorney who over-reached at the probable cause hearing, causing plaintiff to be jailed from December 17, 2012 through January 9, 2013. The Criminal case was dismissed on January 9, 2013 due to her non-existent bogus charges. The judicial process cannot function when parties and their counsel so flagrantly, pervasively, and deliberately ignore their obligations.

The Court should ORDER Denying Counsel's withdrawal from the case, ORDER the defendants to immediately fully comply with the

discovery; and SANCTION each of them for Failing to timely Respond to Plaintiff's Discovery.

Respectfully submitted on this _16th_, January, 2013.

                                                                           /s/ Vijay K. Vig, pro se Plaintiff

P. O. box 1535
Decatur, GA 30033
(775) 786-2040

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
********

VIJAY K. VIG,

                               Plaintiff,

vs.

ALL CARE DENTAL, P.C. a Georgia
Professional Corporation,                Case No: 1:11-cv-4487WSD

DR. SATPAL K. SHIKH, CEO and 60%
Shareholder of All Care Dental, P.C., and

                              Defendants.
_____/

## PLAINTIFF'S AFFIDAVIT IN SUPPORT OF HIS RESPONSE

STATE OF GEORGIA )
                    ):SS.
COUNTY OF DEKALB)

      Under penalty of perjury, I, Vijay K Vig, Pro Se Plaintiff herein, aver as follows:

      My name is Vijay K Vig; I am the pro se Plaintiff in this FLSA case; Plaintiff's discovery served upon Defendants All Care Dental, P.C., and Dr. Shikh them on or about June 7, 2012.

      This Court issued its Order on November 12, 2012, requiring the parties, among other orders, to conclude discovery by December 31, 2012. Defendants have failed to respond and have ignored the Court Order.

Plaintiff has not been served with the Defense counsel's motion to withdraw from the case.

Given the bad faith of the defendants by failing to timely respond to Plaintiff's discovery and totally ignoring this Court's Order of November 12, 2012, are reasons enough for the Honorable Court to expedite its Ruling herein, and issue appropriate sanctions for disobeying the Court's Order. The Court has already stayed discovery on August 24, 2012.

Plaintiff has learned that after intentionally causing Plaintiff to be jailed with false charges and miss his notice of appeal deadline on January 3, 2013, in the divorce case, Dr. Shikh is hurriedly disposing her interest in All Care Dental, P.C. and is giving away or selling her clinics and other assets in order to deny Plaintiff any legitimate judgment in his divorce case and any award he may get in this FLSA case.

Throughout the litigation process the defendants have acted as if the rules, the law, and even the orders of this Court simply do not apply to them: They have failed to follow the Court's "Standing Order;" failed to make good faith efforts in responding to Plaintiff's discovery; failed to produce responsive documents and items as required by law; failed to obey clear and unambiguous Order of November 12, 2012; and rather than produce evidence under the law, they now ask the Court for additional 3 months in

order to meet their nefarious intentions of disposing Dr. Shikh's personal professional assets. These violations involved the defendants and Dr. Shikh's individual attorneys in this case, Allan Manheim, the divorce appellate lawyer, Clark Jones, Esq., and now the attorney who over-reached at the probable cause hearing, causing plaintiff to be jailed from December 17, 2012 through January 9, 2013. The Criminal case was dismissed on January 9, 2013 due to her non-existent bogus charges. The judicial process cannot function when parties and their counsel so flagrantly, pervasively, and deliberately ignore their obligations.

That I have read the foregoing Plaintiff's Motion and Affidavit, and know the matter, content and allegations contained therein; that the content, matter and allegations in the plaintiff's affidavit are true to the best of my knowledge, information and belief and to the matters stated based upon the information and belief, I believe them to be true.

Further Your Affiant Sayeth Naught!

Respectfully submitted on this _16th_ day of January, 2013.

_____
Vijay K. Vig, pro se Plaintiff

Sworn and subscribed to on this

_16th_ day of _January_, 2013.

_Robyn Petersen_
Notary Public           Seal



9