# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| VIJAY K. VIG, <br><br> Plaintiff, <br><br> v. <br><br> ALL CARE DENTAL, P.C., a Georgia Professional Corporation, DR. SATPAL K. SHIKH, CEO and 60% shareholder of All Care Dental, P.C., <br><br> Defendants. | 1:11-cv-4487-WSD |

## OPINION AND ORDER

This matter is currently before the Court on Defendant All Care Dental, P.C. ("All Care") and Dr. Satpal K. Shikh's ("Shikh," collectively "Defendants") Counsel's Motion to Withdraw as counsel for All Care and Shikh [55] and Vijay K. Vig's ("Vig") *pro se* "Opposition to Motion for Withdrawal to Defendant Shikh's Request to Extend Discovery Period and Request for Order to Compel Defendants' to Respond to Plaintiff's Discovery and for Sanctions, and Request for Expedited Ruling" ("Motion to Compel") [63].

## I. BACKGROUND[1]

On November 16, 2012, the Court denied Defendant Shikh's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [10] and Defendants' Motion for Summary Judgment [29]. (Order of Nov. 16, 2012, at 20). The Court also vacated its August 17, 2012, Order granting a stay of discovery and ordered that discovery shall conclude on December 31, 2012. (Id.). In light of a prior dispute regarding Plaintiff's ability to obtain documents from third parties, the Court advised Plaintiff regarding how he could go about obtaining the information he sought. (Id. at 20 n.11).

On December 10, 2012, Defendants' counsel filed his Motion to Withdraw. Defendants objected to the Motion to Withdraw on the grounds of not receiving notice from him and requested that he not be permitted to withdraw until replacement counsel can be obtained. (Defs.' Mot. to Object Attorney's Mot. for Withdrawal [56] at 1). In light of Defendants' counsel's withdrawal, Defendants also requested an extension of the discovery deadline to March 31, 2013. (Id.).

On December 17, 2012, Plaintiff was arrested and incarcerated in Fulton County Jail on charges of aggravated stalking, terroristic threats, and simple

---

[1] The factual background and procedural history regarding this action is more fully recounted in the Court's November 16, 2012, Order.

assault. (Pl.'s Notice of Dismissal of Criminal Charges and Out of Incarceration at 1, 3).

On January 9, 2013, Plaintiff was released from the Fulton County Jail after the charges against him were dismissed when Shikh, as the "complaining witness[,] failed to attend grand jury or preliminary hearing." (Id. at 1, 4).

On January 16, 2013, Plaintiff filed his Motion to Compel and seeks an order requiring "Defendants to immediately respond to Plaintiff's discovery served on June 7, 2012." (Pl.'s Mot. to Compel at 1). Plaintiff opposes any extension of the discovery deadline in this action, seeks an expedited ruling on his Motion to Compel, and requests that the Court schedule this action for trial before February 15, 2013.[2] (Pl.'s Mot. to Compel at 1-4).

**II. DISCUSSION**

    A. <u>Defendants' Counsel's Motion to Withdraw</u>

Local Rule 83.1 E. requires that, among other things, an attorney requesting permission to withdraw as counsel for a party must file a motion "stat[ing] that the attorney has given the client fourteen (14) days prior notice of the attorney's

---

[2] Plaintiff also seeks sanctions in his Motion to Compel pursuant to Federal Rule of Civil Procedure 37. Because the deadline for Defendants to respond to his discovery request will be extended by this order, the Court denies Plaintiff's request for sanctions as premature. If Defendants fail to comply with their discovery obligations, Plaintiff may renew his request for sanctions pursuant to Federal Rule of Civil Procedure 37.

intention to request permission to withdraw," N.D. Ga. L.R. 83.1 E.(2)(b),[3] and must attach a copy of the notice to the motion, N.D. Ga. L.R. 83.1 E.(2)(b)(J). The Local Rule further requires that this notice contain certain information about the case and a party's continuing obligations. Id. at E.(2)(b)(A)-(I).

Counsel for Defendants arguably complied with Local Rule 83.1 and any deficiencies in his notice did not prejudice Defendants.[4] Defendants' counsel's Motion to Withdraw is granted.

---

[3] Defendants' counsel stated in the letter he sent to Defendants that Defendants were being given ten (10) days prior notice to his withdrawal and could object within that time. Under the prior version of the Local Rule, only ten days prior notice was required. The Rule has since been revised to require fourteen (14) days notice.

[4] In addition to misstating the number of days notice in his letter to Defendants, Defendants' counsel also failed to advise them that All Care, because it was a corporation, "may only be represented in court by an attorney, that [] attorney must sign all pleadings submitted to the court, and that a corporate officer may not represent the corporation in court unless that officer is also an attorney licensed to practice law in the state of Georgia, and that failure to comply with this rule could result in a default being entered against the corporate party." N.D. Ga. L.R. 83.1 E.(2)(b)(I). Defendants' counsel's errors were harmless because the Court has considered Defendants' objections to his withdrawal and Defendants are also aware that All Care "can not represent itself." (Defs.' Mot. to Object Attorney's Mot. for Withdrawal at 1). The Court finds Defendants have also had sufficient time to find replacement counsel in the three weeks since they filed their objections to the Motion to Withdraw.

B.  Plaintiff's Motion to Compel

On June 7, 2012, Plaintiff served his *pro se* discovery requests on Defendants. Plaintiff asserts that Defendants have failed to comply with their obligations.

A district court has broad discretion to control the pace of litigation and the course of discovery to ensure that cases move to a timely and orderly conclusion. Chrysler Intern. Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002); Lee v. Etowah Cnty. Bd. of Ed., 963 F.2d 1416, 1420 (11th Cir. 1992); Am. Key Corp. v. Cole Nat'l Corp., 762 F.2d 1569, 1578 (11th Cir. 1985). A litigant is required by Rule 34(b)(2) of the Federal Rules of Civil Procedure to respond in writing to requests for production of documents and to produce documents that are responsive to the requests.

In light of the withdrawal of Defendants' counsel following the Court's Order on their Motions to Dismiss and for Summary Judgment, and Plaintiff's incarceration, the Court grants Plaintiff's Motion to Compel. Defendants shall produce their written response to Plaintiff's requested discovery, pursuant to Federal Rule of Civil Procedure 34(b)(2), on or before February 8, 2013.[5] No

---

[5] To the extent Plaintiff complains of not obtaining documents from third parties regarding his wages and hours worked, the Court provided instructions on how he

extensions will be authorized. If Defendants fail to comply, they are admonished that they may be subject to sanctions for their failure to meet their obligations, to include a default judgment, pursuant to Federal Rule of Civil Procedure 37.

## III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Counsel's Motion to Withdraw is **GRANTED**.

Defendant Dr. Satpal K. Shikh is hereby **ORDERED** to advise the Court in writing, on or before January 31, 2013, whether she plans to proceed *pro se.* Dr. Shikh must also provide an address and daytime telephone number to the Court where she can be reached. In the event new counsel is retained, Dr. Shikh shall provide the name, address, and telephone number of new counsel and that counsel shall file a notice of appearance on or before January 31, 2013.

With respect to Defendant All Care Dental, P.C., which is a corporation, it may only be represented in the Court by an attorney. Local Rule 83.1 E(4). Defendant All Care Dental, P.C. is hereby **ORDERED**, on or before January 31, 2013, to provide the name, address, and telephone number of new counsel and that counsel shall file a notice of appearance.

---

could obtain that information in its November 16, 2013, Order. (Order of Nov. 16, 2012, at 20 n.11).

6

Failure to comply with this Order of the Court could result in action prejudicing the interest of Defendants in this litigation.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel is **GRANTED**. Defendants shall produce their written response to Plaintiff's requested discovery, pursuant to Federal Rule of Civil Procedure 34(b)(2), on or before February 8, 2013.

**SO ORDERED** this 18th day of January, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE