IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VIJAY K. VIG,

               Plaintiff,

      v.                                  1:11-cv-4487-WSD

ALL CARE DENTAL, P.C. and
DR. SATPAL K. SHIKH,

               Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendants' request for dismissal of this action under the Rooker-Feldman doctrine and issue preclusion, arguments that were first raised in Defendants' Opposition to Plaintiff's Motion for Leave to Amend Complaint to Re-Add Rajendrapal K. Shikh as a Defendant, dated February 12, 2013 (the "February 12th Response") [75], and developed in Defendant's Memorandum of Law Pertaining to the Application of the Rooker-Feldman and Issue Preclusion Doctrines to This FLSA Action, dated June 14, 2013 (the "June 14th Brief") [93].[1]

---

[1] These arguments were all untimely and improperly raised.  To resolve this issue and prepare the case for trial, the Court chose to consider and resolve these stray arguments.

I.   **BACKGROUND**[2]

On December 23, 2011, Plaintiff, proceeding *pro se*, commenced this action alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 et seq.

On November 16, 2012, the Court denied Defendants' Motion for Summary Judgment that Defendants filed while discovery was pending [54].  Discovery in this case closed on December 31, 2012.

On January 28, 2013, Plaintiff filed his Motion for Leave to File Second Amended Complaint ("Motion to Amend"), seeking to add two new claims of unjust enrichment and abuse of judicial process against the Defendants, and rename a party that had been dismissed from the action.  [66, at 3-5].  On April 22, 2013, the Court denied the motion as untimely.  [85, at 3-6].

In opposition to the Motion to Amend, Defendants filed the February 12th Response, arguing, for the first time, that the Court lacks subject-matter jurisdiction under the Rooker-Feldman doctrine because "the issue of being owed wages" had been "adjudicated by the divorce court" in a divorce judgment entered on September 1, 2011, "resulting in a judgment for alimony and equitable

_____

[2] The procedural history of this case is set forth in detail in the Court's November 16, 2012, Order.

distribution to compensate Plaintiff for his work and contributions to the dental practice."  [75, at 11].  Defendants also sought dismissal on the ground that the divorce judgment precluded litigation of the payment issues claimed by Plaintiff. [Id., at 7-9].

On May 28, 2013, the Court held a telephone conference to discuss the Rooker-Feldman and preclusion issues, and required the parties to submit briefs on these issues.  [92].

On June 14, 2013, Defendants filed the June 14th Brief in support of dismissing this action, arguing that Plaintiff had "already litigated [his overtime wage] claim against Defendant Dr. Shikh in his divorce proceeding."  [93, at 2]. Defendants concede in the June 14th Brief that "Plaintiff did not expressly allege an FLSA wage claim in the divorce proceeding" and that "the divorce court did not identify the specific amount awarded to Plaintiff attributable to wages or value of his labor performed."  [Id., at 2, 9].  Defendants insist, however, that issue preclusion and the Rooker-Feldman doctrine apply because Plaintiff "did litigate the issue of whether he was properly compensated" during the "division of the marital assets," and because Plaintiff's "labor and added value [were] the basis for [Plaintiff's] having been awarded over $154,000 in the divorce proceeding." [Id., at 6].

On June 26, 2013, Plaintiff filed his Response in Opposition to the June 14th Brief, arguing that "Defendants have failed to clearly show" that Plaintiff's FLSA action "was actually adjudicated by the divorce court" and failed to show that Plaintiff "was compensated for his regular and overtime wages" in the divorce judgment.  [96, ¶ 27].  Alternatively, Plaintiff argues that even if his FLSA claim is "inextricably intertwined" with the divorce court's judgment, which he claims it was not, issue preclusion and the Rooker-Feldman doctrine still do not apply because he "had no reasonable opportunity to raise his federal claim in state proceedings."  [Id., ¶ 22].

## II.    DISCUSSION

### A.    Whether the Rooker-Feldman doctrine divests the Court of subject-matter jurisdiction over the FLSA claim

A federal district court does not have jurisdiction to review the decision of a state court that arises solely under state law.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-83 (1983).  Where a federal question arises in a state-court proceeding, and the state court exercises jurisdiction over it, a federal district may not later exercise original jurisdiction over, or review the state court's adjudication of, the federal question.  The proper exercise of federal appellate jurisdiction in that situation requires a writ of error to the United States Supreme Court.  Rooker v. Fidelity Trust Co., 26 U.S. 413, 415-16 (1923); Atl.

Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 285-86 (1970);

Feldman, 460 U.S. at 482-83; Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544

U.S. 280, 291-92 (2005).

Where a party raises a new federal challenge that is not inextricably

intertwined with the state court's adjudication, a federal district court may exercise

original jurisdiction over the federal issue, subject to the doctrine of res judicata

and other preclusion laws.  Feldman, 460 U.S. at 483, 487-88; Exxon Mobil, 544

U.S. at 287, 293.  That is, "[i]f a federal plaintiff presents an independent claim, it

is not an impediment to the exercise of federal jurisdiction that the same or a

related question was earlier aired between the parties in state court."  Skinner v.

Switzer, 562 U.S. __, 131 S.Ct. 1289, 1297 (2011) (quoting Exxon Mobil, 544

U.S. at 292-293) (internal quotation marks omitted).

The Supreme Court recently clarified that the scope of the Rooker-Feldman

doctrine is narrow.  The doctrine "applies only in limited circumstances, where a

party in effect seeks to take an appeal of an unfavorable state-court decision to a

lower federal court."  Lance v. Dennis, 546 U.S. 459 (2006) (internal quotation

marks omitted) (citing Exxon Mobil, 544 U.S. at 291); Skinner, 131 S.Ct. at 1297.

Following the Supreme Court's clarification in Exxon Mobil, the Eleventh

Circuit has acknowledged that "Exxon Mobil casts doubt on the continued

viability" of the Eleventh Circuit's previous interpretations of the Rooker-Feldman doctrine, and that the circuit should "adhere to the language in Exxon Mobil." Nicholson v. Shafe, 558 F.3d 1266, 1274 (11th Cir. 2009).  The Rooker-Feldman doctrine is now "confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil, 544 U.S. at 291; Lance, 546 U.S. at 464; Nicholson, 558 F.3d at 1274.

Here, Defendants concede that "Plaintiff did not expressly allege an FLSA wage claim in the divorce proceeding" and that "the divorce court did not identify the specific amount awarded to Plaintiff attributable to wages or value of his labor performed."  [93, at 2, 9].  Defendants only argue that Plaintiff litigated "the issue of whether he was properly compensated" during the divorce proceeding and that his "labor and added value [were] the basis for [Plaintiff's] having been awarded over $154,000 in the divorce proceeding." [Id., at 6].

Applying the standard of Nicholson and Exxon Mobil, the Court determines that the Rooker-Feldman doctrine does not apply.  Nothing in the record indicates that the divorce court adjudicated the FLSA claim or any element of it during the

divorce proceeding.  The divorce judgment only addresses alimony and the division of marital assets.

The Court holds that Plaintiff is asserting in this action an independent federal claim and is not seeking to appeal a state-court judgment.  Skinner, 131 S.Ct. 1289 at 1297.  The Defendants' request to dismiss the case under the Rooker-Feldman doctrine is denied.

### B.      Whether Plaintiff's claims are barred by issue preclusion

Defendants next argue that "Plaintiff cannot relitigate the wage issue in this Court, despite being unsatisfied with the resolution of that issue in the Superior Court."  [93, at 1, 6].

To claim issue preclusion under the doctrine of collateral estoppel, the party relying on the doctrine must show that: (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.  Christo v. Padgett, 223 F.3d 1324, 1339 (11th Cir. 2000); Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1359 (11th Cir.1998).

7

Plaintiff's FLSA claims were not litigated in the divorce proceeding. Defendants concede that "Plaintiff did not expressly allege an FLSA wage claim in the divorce proceeding." [93, at 2]. To the extent Defendants argue that the divorce court considered Plaintiff's unpaid wages in the division of marital assets, they have failed to show that the issue formed a "critical and necessary part of the judgment." Christo, 223 F.3d at 1339. As Defendants admit, "the divorce court did not identify the specific amount awarded to Plaintiff attributable to wages or value of his labor performed." [93, at 9]. Collateral estoppel and issue preclusion do not apply to Plaintiff's FLSA claim in this action, and Defendants' request for dismissal is denied.

## III.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' request to dismiss this case under the Rooker-Feldman doctrine is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' request to dismiss this case under issue preclusion also is **DENIED**.

**SO ORDERED** this 19th day of July, 2013.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

8