IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VIJAY K. VIG,

        **Plaintiff,**

v.                                                        1:11-cv-4487-WSD

ALL CARE DENTAL, P.C. and
DR. SATPAL K. SHIKH,

        **Defendants.**

## MEMORANDUM OPINION

This matter came before the Court on Defendants' Motion for Judgment as a Matter of Law.

**I.   BACKGROUND**

In this action, Plaintiff Vijay K. Vig ("Plaintiff"), proceeding *pro se*, asserts claims for minimum wage and overtime pay against his former employers, Defendants All Care Dental, P.C. ("All Care") and Dr. Satpal K. Shikh ("Shikh") (collectively, "Defendants").  Plaintiff alleges that, while he was married to Shikh, a dentist, and worked with her at the All Care dental practice, he was not paid regular or overtime compensation wages during the period January 1, 2009, to about January 27, 2010, in violation of the Fair Labor Standards Act (the "FLSA").

The trial of this matter began on September 9, 2013.  On September 10,

2013, after Plaintiff concluded his case-in-chief, Defendants moved for judgment as a matter of law, under Rule 50 of the Federal Rules of Civil Procedure, on the grounds that there was insufficient evidence for reasonable jurors to find (i) that Plaintiff's employment by All Care was "covered" by the FLSA and (ii) that Plaintiff sustained damages. The Court reserved ruling on the motion.

On September 10, 2013, after all of the evidence had been presented and the evidence was deemed closed, Defendants renewed their motion for judgment as a matter of law. The Court granted the motion on the ground that Plaintiff failed to prove that his employment was "covered" by the FLSA because the record did not contain any evidence showing All Care's annual gross sales in any amount. Plaintiff acknowledged that he had not presented any gross sales evidence. The Court alternatively ruled that Defendants were entitled to judgment as a matter of law because the record contained insufficient evidence on which reasonable jurors could find an amount of Plaintiff's alleged unpaid wages.

This Memorandum Opinion sets forth the Court's further articulation of its ruling.

**II.   DISCUSSION**

   A.   <u>Legal Standard</u>

Rule 50(a) of the Federal Rules of Civil Procedure provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>    (A) resolve the issue against the party; and
>    (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1).

To grant a motion under Rule 50, the Court must find "'there is no legally sufficient evidentiary basis for a reasonable jury to find' for the non-moving party." Chaney v. City of Orlando, 483 F.3d 1221, 1227 (11th Cir. 2007) (quoting Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001)). In considering a Rule 50 motion, the Court focuses on the sufficiency of the evidence. Id. The Court must "review all of the evidence in the record and must draw all reasonable inferences in favor of the nonmoving party." Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1192–93 (11th Cir. 2004). Credibility determinations, the drawing of inferences, and the weighing of competing evidence are functions for the jury, not the Court. Id. at 1193.

B.     Analysis

The FLSA's minimum wage and overtime requirements apply only to employees "covered" by the Act. See Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298 (11th Cir. 2011); see also 29 U.S.C. §§ 206(a), 207(a).

There are two types of coverage, either of which is sufficient to form the basis for the FLSA to apply: "individual coverage" and "enterprise coverage." Josendis, 662 F.3d at 1298. An employee has "individual coverage" if "he regularly and 'directly participat[es] in the actual movement of persons or things in interstate commerce." Id. (alteration in original) (quoting Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006)). An employee has "enterprise coverage" if he is employed in an "enterprise," as defined in the Act, that is engaged in "commerce," as defined in the Act. Id. Coverage is an element of an FLSA claim that the plaintiff is required to prove by a preponderance of the evidence. See Polycarpe v. E&S Landscaping Serv., Inc., 616 F.3d 1217, 1229 (11th Cir. 2010).

In this case, Plaintiff asserted only "enterprise coverage" as the basis for his FLSA claim.[1] An employer is an enterprise engaged in commerce, for purposes of "enterprise coverage," if it

> (i)  has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; *and*

---

[1] Plaintiff did not argue that he has "individual coverage," and the trial record does not contain any evidence that Plaintiff "regularly and directly participat[ed] in the actual movement of persons or things in interstate commerce" while employed by Defendants. See Josendis, 662 F.3d at 1298 (internal quotation omitted).

>   (ii) is an enterprise whose annual gross volume of sales made or
>   business done is not less than $500,000.

Josendis, 662 F.3d at 1299 (emphasis in original) (quoting 29 U.S.C. § 203(s)(1)(A)(i)–(ii)).  Plaintiff has the burden to establish both "enterprise coverage" elements.  See id. at 1317.

At trial, Plaintiff did not introduce any evidence showing directly, or by reasonable inference, All Care's "gross volume of sales made or business done" in any year, and, as a result, there was no evidence from which a jury could find that All Care's "annual gross volume of sales made or business done is not less than $500,000."  See id. (quoting 29 U.S.C. § 203(s)(1)(A)(ii)).  Establishing that All Care's gross volume was at least $500,000 is an element of Plaintiff's claim, and the absence of any evidence to support this element required the Court to grant Defendants' motion for judgment as a matter of law.  See Polycarpe, 616 F.3d at 1229 (holding that plaintiff failed to prove "enterprise coverage," and that defendant was thus entitled to judgment as a matter of law, because plaintiff failed to introduce evidence sufficient to show that defendant's "annual gross volume of sales made or business done" was at least $500,000); see also Josendis, 662 F.3d at 1318–19 (holding that defendant was entitled to summary judgment because record did not contain sufficient evidence that defendant's annual gross sales were at least

$500,000).² Defendants' Motion for Judgment as a Matter of Law is granted.³

---

² In their motion, Defendants argued that Plaintiff also failed to introduce sufficient evidence of the first element of "enterprise coverage"—that All Care "has employees handling . . . or otherwise working on goods or materials that have been moved in . . . [interstate] commerce by any person." See Josendis, 662 F.3d at 1299 (emphasis in original) (quoting 29 U.S.C. § 203(s)(1)(A)(i)); see also Polycarpe, 616 F.3d at 1221. The trial record shows that, in 2006, Defendants purchased equipment for use in All Care's laboratory in California and moved the equipment to All Care's facility in Georgia. Citing Sandoval v. Florida Paradise Lawn Maintenance, Inc., 303 F. App'x 802 (11th Cir. 2008), an unpublished decision of the Eleventh Circuit, Defendants argued that the use of this equipment is not sufficient because the equipment had "come to rest" in Georgia and lost its interstate character. Sandoval considered only the extent to which "goods," as defined in the Act, lose their interstate character after reaching the "ultimate consumer." 303 F. App'x at 805. In Polycarpe, a published decision issued two years later, the Eleventh Circuit rejected a general "coming to rest" doctrine and held that the "ultimate consumer" test, applied in Sandoval, applies only to "goods," not "materials." See Polycarpe, 616 F.3d at 1221–22. A "material" is a "tool[] or other article[] necessary for doing or making something." Id. at 1224. Because the equipment Defendants purchased in California consist of "materials" under this definition, its use by All Care employees, even long after its original purchase, satisfies the first element of "enterprise coverage." See id. at 1227.

³ Defendants alternatively argued that they are entitled to judgment as a matter of law because Plaintiff failed to introduce sufficient evidence of his damages. The Court agrees. The plaintiff in an FLSA action has the burden to prove "that he performed work for which he was not properly compensated." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686–87 (1946) (superseded by statute on other grounds). In cases where the employer lacks records of a plaintiff's work hours, the plaintiff may satisfy this burden by "produc[ing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Id. at 687. Except for very general testimony that he worked "everyday" from "early in the morning to late at night," Plaintiff did not introduce evidence of his hours worked or his rate of pay. On the record presented, a reasonable jury could not determine Plaintiff's damages. For this additional reason, Defendants are entitled to judgment as a matter of law.

## III.  CONCLUSION

Accordingly, for the foregoing further reasons, Defendants' Motion for Judgment as a Matter of Law was **GRANTED** on September 10, 2013.

**ENTERED** this 16th day of September, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE