IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VIJAY K. VIG,<br><br>                **Plaintiff,**<br><br>v.<br><br>ALL CARE DENTAL, P.C. and<br>DR. SATPAL K. SHIKH,<br><br>                **Defendants.** | 1:11-cv-4487-WSD |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for New Trial (Rule 59) [131] and Plaintiff's Motion for Stay of Judgment [130].

**I.     BACKGROUND**

In this action, Plaintiff Vijay K. Vig ("Plaintiff"), proceeding *pro se*, asserts claims for minimum wage and overtime pay against his former employers, Defendants All Care Dental, P.C. ("All Care") and Dr. Satpal K. Shikh ("Shikh") (collectively, "Defendants"). Plaintiff alleges that, while he was married to Shikh, a dentist, and worked with her at the All Care dental practice, he was not paid regular or overtime compensation wages from January 1, 2009, to about January 27, 2010, in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 et seq.

The trial of this matter began on September 9, 2013. On September 10, 2013, after Plaintiff concluded his case-in-chief, Defendants moved for judgment as a matter of law, under Rule 50 of the Federal Rules of Civil Procedure, on the grounds that there was insufficient evidence for reasonable jurors to find (i) that Plaintiff's employment by All Care was "covered" by the FLSA and (ii) that Plaintiff sustained damages. The Court reserved ruling on Defendants' motion and the trial proceeded with Plaintiff aware that Defendants had raised the issue of his failure to present evidence that his employment by All Care was covered under the FSLA, and knowing the reasons Defendants contended coverage did not exist. Plaintiff also knew that Defendants argued that Plaintiff had not presented evidence of his alleged damages. The presentation of evidence continued after Defendants initially made their Rule 50 motion.

On September 10, 2013, after Defendants had presented their evidence and Plaintiff had not presented evidence in rebuttal on the issues of FLSA coverage or the amount of his alleged damages,[1] the evidence was deemed closed. Defendants

---

[1] The Court excluded testimony Plaintiff wanted to offer in rebuttal to dispute when Ms. Garibay, a witness called by Defendants, worked at All Care and what she claimed she observed about Plaintiff's work hours while at All Care. Plaintiff, in violation of the Court's sequestration order, discussed Ms. Garibay's testimony with his witnesses and because of that violation—which Plaintiff admitted— Plaintiff was not permitted to offer rebuttal testimony on that issue. (Tr. 413:21-23; 414:24-25; 431:24-432:8). Plaintiff stated he wanted to offer the testimony on

2

then renewed their motion under Rule 50(a) of the Federal Rules of Civil Procedure for judgment as a matter of law. The Court granted the motion on the ground that Plaintiff had failed to prove that his employment was "covered" by the FLSA because the record did not contain any evidence showing All Care's annual gross sales in any amount. Plaintiff acknowledged that he had not presented any gross sales evidence. (Tr. 458:6-461:19; 462:12-19). The Court ruled alternatively that Defendants were entitled to judgment as a matter of law because the record did not contain sufficient evidence on which reasonable jurors could find an amount of Plaintiff's alleged unpaid wages.

In reaching this decision, the Court evaluated the evidence under Rule 50(a), which provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>    (A) resolve the issue against the party; and
>    (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1). The Court noted that to grant a motion under Rule 50, the Court focuses on the sufficiency of the evidence and must find that "'there is no

---

the issue of when Ms. Garibay was employed by All Care, not on the amount of All Care's gross sales.

3

legally sufficient evidentiary basis for a reasonable jury to find' for the non-moving party."  See Chaney v. City of Orlando, 483 F.3d 1221, 1227 (11th Cir. 2007) (quoting Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001)).  The Court observed that it must "review all of the evidence in the record and must draw all reasonable inferences in favor of the nonmoving party."  See Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1192–93 (11th Cir. 2004).  Credibility determinations, the drawing of inferences, and the weighing of competing evidence are functions for the jury, not the Court.  Id. at 1193.

The Court noted that the FLSA's minimum wage and overtime requirements apply only to employees "covered" by the Act.  See Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298 (11th Cir. 2011); see also 29 U.S.C. §§ 206(a), 207(a).  There are two types of coverage, either of which is sufficient to form the basis for the FLSA to apply: "individual coverage" and "enterprise coverage."  Josendis, 662 F.3d at 1298.  An employee has "individual coverage" if "he regularly and 'directly participat[es] in the actual movement of persons or things in interstate commerce.'"  Id. (alteration in original) (quoting Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006)).  An employee has "enterprise coverage" if he is employed in an "enterprise" that is engaged in

"commerce," as defined under the FLSA. Id. Coverage is an element of an FLSA claim that the plaintiff is required to prove by a preponderance of the evidence. See Polycarpe v. E&S Landscaping Serv., Inc., 616 F.3d 1217, 1229 (11th Cir. 2010).

In this case, Plaintiff asserted only "enterprise coverage" as the basis for his FLSA claim.[2] An employer is an enterprise engaged in commerce, for purposes of "enterprise coverage," if it

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; *and*
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

Josendis, 662 F.3d at 1299 (emphasis in original) (quoting 29 U.S.C. § 203(s)(1)(A)(i)–(ii)). It was Plaintiff's burden to establish both "enterprise coverage" elements. See id. at 1317.

At trial, Plaintiff did not introduce any evidence showing directly, or by reasonable inference, All Care's "gross volume of sales made or business done" in

---

[2] Plaintiff did not argue that he has "individual coverage," and the trial record does not contain any evidence that Plaintiff "regularly and directly participat[ed] in the actual movement of persons or things in interstate commerce" while employed by Defendants. See Josendis, 662 F.3d at 1298 (internal quotation omitted).

any year, and, as a result, there was no evidence from which a jury could find that All Care's "annual gross volume of sales made or business done is not less than $500,000." See id. (quoting 29 U.S.C. § 203(s)(1)(A)(ii)).  Establishing that All Care's gross volume of sales was at least $500,000 is an element of Plaintiff's claim, and the absence of any evidence to support this element required the Court to grant Defendants' motion for judgment as a matter of law.  See Polycarpe, 616 F.3d at 1229 (holding that plaintiff failed to prove "enterprise coverage," and that defendant was thus entitled to judgment as a matter of law, because plaintiff failed to introduce evidence sufficient to show that defendant's "annual gross volume of sales made or business done" was at least $500,000); see also Josendis, 662 F.3d at 1318–19 (holding that defendant was entitled to summary judgment because record did not contain sufficient evidence that defendant's annual gross sales were at least $500,000).[3]  Considering all of the evidence in the record and presented at trial,

---

[3] Defendants argued that Plaintiff also failed to introduce sufficient evidence of the first element of "enterprise coverage"—that All Care "has employees handling . . . or otherwise working on goods or materials that have been moved in . . . [interstate] commerce by any person."  See Josendis, 662 F.3d at 1299 (emphasis in original) (quoting 29 U.S.C. § 203(s)(1)(A)(i)); see also Polycarpe, 616 F.3d at 1221.  The trial record shows that, in 2006, Defendants purchased equipment in California for use in All Care's laboratory and moved the equipment to All Care's facility in Georgia.  (Tr. 186:1-187:2).  Citing Sandoval v. Florida Paradise Lawn Maint., Inc., 303 F. App'x 802 (11th Cir. 2008), an unpublished decision of the Eleventh Circuit, Defendants argued that the use of this equipment is not sufficient because the equipment had "come to rest" in Georgia and lost its

and drawing all inferences in favor of Plaintiff, the Court determined that Defendants' Motion for Judgment as a Matter of Law was required to be granted.[4]

On October 8, 2013, Plaintiff filed his Motion for New Trial. He asserts Defendants' Rule 50(a) motion should not have been granted and that the "overwhelming evidence clearly proved that Defendants did not pay him in 2009 and 2010 . . . [and] never paid him a penny for his overtime work." (Pl.'s Mot. for New Trial at 3). He argues that the Court should grant a new trial if the Court "believes the judgment was contrary to the great weight of the evidence." Id. (citing Rosenfield v. Wellington Leisure Prods., Inc., 827 F.2d 1493, 1497-98 (11th Cir. 1987)).

He also argues for a new trial on the grounds that the Court's September 3, 2013, Order on motions *in limine* wrongfully excluded rebuttal evidence that Plaintiff desired to introduce at trial, which he claims was a clear error of law.

---

interstate character. Sandoval considered only the extent to which "goods," as defined in the FLSA, lose their interstate character after reaching the "ultimate consumer." 303 F. App'x at 805. In Polycarpe, a published decision issued two years later, the Eleventh Circuit rejected a general "coming to rest" doctrine and held that the "ultimate consumer" test, applied in Sandoval, applies only to "goods," not "materials." See Polycarpe, 616 F.3d at 1221–22. A "material" is a "tool[] or other article[] necessary for doing or making something." Id. at 1224. Because the equipment Defendants purchased in California consists of "materials" under this definition, its use by All Care employees, even long after its original purchase, satisfies the first element of "enterprise coverage." See id. at 1227.

[4] The Court, on September 16, 2013, entered its written order [129] granting Defendants' Rule 50(a) Motion.

Plaintiff then asserts that irregularities at trial, including the making of false allegations against him, constituted attorney misconduct requiring a mistrial and now a new trial.  Plaintiff next argues that Defendants presented the testimony of Ms. Garibay knowing that she would testify falsely, which, Plaintiff claims, requires a new trial.  Plaintiff contends that Defendants engaged in "trickery and deceit" at trial, that Defendant Shikh had "evil intent" in participating in efforts to bring false criminal charges against him, and that evidence of this should not have been excluded at trial.  Finally, Plaintiff argues that the limiting instruction the Court gave regarding evidence of Plaintiff's divorce is yet an additional ground for a new trial.

Plaintiff also moves for a "stay of the entry of judgment pending ruling(s) on post-judgment relief on his Motion for New Trial."  (Pl.'s Mot. Stay at 1).

## II.   DISCUSSION

### A.   Motion for New Trial

Rule 59(a)(1) of the Federal Rules of Civil Procedure provides:

> The Court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:
> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or
> (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

Fed. R. Civ. P 59(a)(1).  Generally, a motion for a new trial may be granted where

"the verdict is against the weight of the evidence, . . . the damages are excessive, or . . . for other reasons, the trial was not fair to the moving party; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940).

Plaintiff seeks a new trial under Rule 59(a)(1)(A) based on a litany of claimed irregularities in the trial, including evidentiary rulings. This case, however, was not submitted to the jury for a verdict. The Court granted judgment as a matter of law under Rule 50(a) in favor of Defendants on the grounds that, at the time all of the evidence was presented and the Court had declared the evidence closed, the Court found, as a matter of law, that Plaintiff had failed to present any evidence to show that there was coverage under the FSLA for the claims asserted in this action, including because Plaintiff failed to present any evidence to show that the "annual gross volume of sales made or business done" by Defendants was at least $500,000. The Court ruled, considering all of the evidence in the light most favorable to Plaintiff, that Defendants were entitled to judgment as a matter of law. See Polycarpe, 616 F.3d at 1229. This matter was not resolved by a verdict and Rule 59(a)(1)(A) simply does not apply here.

Plaintiff also appears to argue that he was prejudiced because he was not allowed to recall in rebuttal the two witnesses who had testified in his case-in-chief. Plaintiff, however, did not represent and the record does not support that he intended to call either of these witnesses to testify about the volume of Defendants' sales made or business done. The transcript shows that one of the witnesses, Plaintiff's lawyer in his divorce action, was intended to be called by Plaintiff to testify about when he was retained by Plaintiff, in an apparent attempt to refute testimony given by a defense witness. (Tr. 415:24-416:6; 419:20-22; 420:23-25; 427:18-21). The other witness, a denture technician, was intended to be called to testify, as he had on direct examination, about the time Plaintiff spent working at All Care. (Tr. 414:20-415:5). Plaintiff did not then, and does not now, contend either of these witnesses had or could offer testimony on Defendants' sales or business volume.[5] Plaintiff's Motion for New Trial is required to be denied.

---

[5] These two witnesses were not allowed to testify on rebuttal. After they each testified in Plaintiff's case-in-chief, Plaintiff declined to release them, requiring they be subject to recall. Both witnesses were ordered, in Plaintiff's presence, not to discuss their testimony with anyone until they heard that the case was concluded. Plaintiff admitted that he discussed their testimony with them during break and, in light of this violation, their rebuttal testimony was prohibited. (Tr. 413:21-415:4; 417:20-22; 432:9-17).

B. <u>Motion for Stay of Judgment</u>

Plaintiff moves pursuant to Rule 62 of the Federal Rules of Civil Procedure for a "stay of the entry of judgment pending ruling(s) on post-judgment relief on his Motion for New Trial." (Pl.'s Mot. Stay at 1). Plaintiff asserts that he will suffer irreparable harm if the Court enters judgment before it decides whether Plaintiff is entitled to a new trial or the Court of Appeals "[g]rants him the relief he may seek on appeal" because "he will likely succeed on the merits of his motion for new trial and/or on his appeal." (<u>Id.</u> at 2).

Rule 62 allows for a stay of proceedings to enforce a judgment that has been entered in a case. Fed. R. Civ. P. 62. The rule further provides that "the court may stay the execution of a judgment . . . pending disposition" of a motion for new trial made under Rule 59. Fed. R. Civ. P. 62(b)(c).

Rule 62 does not provide for a stay of the entry of a judgment, only execution of it. Ordinarily, a motion under Rule 62 is made by a party to stay the execution of injunctive relief or an award of damages against the party seeking the stay. Here, no injunction was issued and no damages were awarded against Defendants, and thus there will be no proceedings to enforce the judgment entered. By the plain terms of Rule 62, a party under the rule is entitled, if at all, to stay judgment enforcement proceedings, not the entry of a judgment itself. Because

Rule 62 does not apply, and because once judgment is entered, there will be no injunctive relief required or damage award to be collected, Plaintiff's motion to stay of entry also is required to be denied.

### III. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for New Trial (Rule 59) [131] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Stay of Judgment [130] is **DENIED**.

**SO ORDERED** this 14th day of January, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE